IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NATAVIA HOWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO.: 1:18-cv-00139-SEB-MJD |
| | ) |
| INDIANAPOLIS METROPOLITAN POLICE DEPARTMENT, BAR INDY, LLC d/b/a TIKI BOB'S CANTINA, OFFICER JAMES A. PERRY, | ) |
| | ) |
| Defendants. | ) |

## THE CITY OF INDIANAPOLIS AND JAMES PERRY'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendants, James Perry and the City of Indianapolis,[1] answer the Plaintiff's Complaint as follows:

### I.  Nature of Case

1. This lawsuit seeks money damages against the Indianapolis Metropolitan Police Department, Bar Indy, LLC d/b/a Tiki Bob's Cantina, and the police officer employed by both entities, namely, James A. Perry, for the injuries suffered by Natavia Howell during an arrest.

---

[1] The Indianapolis Metropolitan Police Department ("IMPD") is a department of the City of Indianapolis, which is responsible for maintaining public safety and enforcing the laws of the State of Indiana and the City of Indianapolis-Marion County Municipal Code. Indeed, as this Court has held, the IMPD is not a suable entity. *Perry v. Thomas*, 2011 WL 693622, at *5 (S.D. Ind. Feb. 18, 2011) (holding that the Indianapolis Metropolitan Police Department in not a suable entity and "claims against the IMPD and against the Officers in their official capacities are necessarily asserted against the City of Indianapolis and are understood as such"); *accord Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) (holding that under Indiana law a municipal department does not have the capacity to sue or be sued apart from the city or town); *Wilkins v. St. Joseph Cty.*, 2016 WL 1460323, at *1 (N.D. Ind. Apr. 14, 2016) (holding that "while a county can sue or be sued, the Indiana statutory scheme does not grant departments within a county which have no independent existence … the capacity to sue or be sued").

**ANSWER:** Officer Perry and the City of Indianapolis admit that Plaintiff has filed a complaint seeking money damages against the Indianapolis Metropolitan Police Department, Bar Indy, LLC d/b/a Tiki Bob's Cantina, and James A. Perry, for injuries Natavia Howell allegedly suffered during an arrest. Officer Perry and the City of Indianapolis deny any remaining claims in Plaintiff's Paragraph 1.

## II. Jurisdiction and Venue

2. This action is brought pursuant to 42 U.S.C. § 1983 and is premised on the Fourth Amendment to the United States Constitution. This Court has original subject matter jurisdiction of the federal questions presented, pursuant to 28 U.S.C. § 1331.

**ANSWER:** Officer Perry and the City of Indianapolis admit that Plaintiff has filed a lawsuit pursuant to 42 U.S.C. § 1983 premised on alleged violations of the Fourth Amendment to the United States Constitution but deny that any violation has occurred. Officer Perry and the City of Indianapolis also admit that 28 U.S.C. § 1331 vests this court with original jurisdiction over civil actions presenting questions arising from federal law

3. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391 because the events giving rise to this action occurred in, and the defendants are residents of or do business in, Marion County, Indiana, which is located in the Southern District of Indiana.

**ANSWER:** Officer Perry and the City of Indianapolis admit that 28 U.S. § 1391(b) vests a federal district court with the authority to adjudicate claims in the district where a Defendant resides or in which the cause of action arose. Officer Perry and the City of Indianapolis also admit that Plaintiff alleges acts that occurred in Indianapolis, IN, which is located in the

Southern District of Indiana Indianapolis Division. Officer Perry and the City of Indianapolis lack sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Plaintiff's Paragraph 3 and, therefore, deny them.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims against the Defendants pursuant to 28 U.S.C. § 1367.

**ANSWER:** Officer Perry and the City of Indianapolis admits that 28 U.S.C. § 1367 grants a district court supplemental jurisdiction over state law claims in any civil action in which the district court has original jurisdiction over all other claims that are so related to the state law claims that they form part of the same case or controversy. Officer Perry and the City of Indianapolis denies any remaining allegations in Plaintiff's Paragraph 4.

### III. Parties

5. Plaintiff Natavia Howell is an adult resident of Marion County, Indiana.

**ANSWER:** Officer Perry and the City of Indianapolis lack sufficient information or knowledge to form a belief as to the truth of the allegations in Plaintiff's Paragraph 5.

6. Defendant Indianapolis Metropolitan Police Department is a law enforcement agency with its offices in Marion County, Indiana and a political subdivision of the state of Indiana.

**ANSWER:** Officer Perry and the City of Indianapolis admit that the IMPD offices are located in Marion County, Indiana. Officer Perry and the City of Indianapolis denies the allegations in Plaintiff's Paragraph 6.

7. Defendant Bar Indy, LLC d/b/a Tiki Bob's Cantina is an Indiana limited liability company doing business in Indiana, and was, at the time of the events giving rise to Plaintiff's claims, employing IMPD officers as private security.

**ANSWER:** Officer Perry and the City of Indianapolis lack sufficient information or knowledge to form a belief as to the truth of the allegations in Plaintiff's Paragraph 7 and, therefore, deny them.

8. Police Officer James A. Perry, is a police officer employed by IMPD and by Tiki Bob's Cantina to provide security.

**ANSWER:** Officer Perry and the City of Indianapolis admit that Officer Perry is employed as an officer with the IMPD. Officer Perry and the City of Indianapolis deny the remaining allegations in Plaintiff's Paragraph 8.

## IV. Facts

9. Natavia Howell was standing in line to enter Tiki Bob's Cantina on the night of June 11, 2016.

**ANSWER:** Officer Perry and the City of Indianapolis lack sufficient information or knowledge to form a belief as to the truth of the allegations in Plaintiff's Paragraph 9 and, therefore, deny them.

10. Ms. Howell was speaking with an employee of Tiki Bob's Cantina at the door of the business.

**ANSWER:** Officer Perry and the City of Indianapolis lack sufficient information or knowledge to form a belief as to the truth of the allegations in Plaintiff's Paragraph 10 and, therefore, deny them.

11. With no warning Officer Perry came from behind Ms. Howell and with violent and excessive force, subdued Ms. Howell by thrusting her body and face into the sidewalk/concrete ground.

    **ANSWER:** Officer Perry and the City deny the allegations in Plaintiff's Paragraph 11.

12. Officer Perry placed Ms. Howell under arrest.

    **ANSWER:** Officer Perry and the City of Indianapolis lack sufficient information or knowledge to form a belief as to the truth of the allegations in Plaintiff's Paragraph 12. To the extent that Plaintiff's Paragraph 12 refers to Officer Perry placing Howell under arrest after she assaulted him when he attempted to escort her away from the entrance to Tiki Bob's Cantina, admit.

13. Officer Perry did not identify himself prior to physically engaging Ms. Howell.

    **ANSWER:** Officer Perry and the City of Indianapolis deny the allegations in Plaintiff's Paragraph 13.

14. Ms. Howell was not threatening anyone and was not posing any danger to anyone.

    **ANSWER:** Officer Perry and the City of Indianapolis deny the allegations in Plaintiff's Paragraph 14.

15. As a result of Officer Perry's actions, Ms. Howell suffered severe and permanent bodily injury and emotional trauma.

   **ANSWER:** Officer Perry and the City of Indianapolis lack sufficient information or knowledge to form a belief as to the truth of the allegations in Plaintiff's Paragraph 15 and, therefore, deny them.

16. Ms. Howell's pain and suffering and injuries were caused by the policy and practice of the IMPD to physically engage suspects without providing any verbal identification or warning.

   **ANSWER:** Officer Perry and the City of Indianapolis deny the allegations in Plaintiff's Paragraph 16.

17. The actions of Officer Perry were taken within the scope of his employment.

   **ANSWER:** Officer Perry and the City of Indianapolis lack sufficient information or knowledge to form a belief as to the truth of the allegations in Plaintiff's Paragraph 17.

18. The actions of Officer Perry were taken under color of state law.

   **ANSWER:** Officer Perry and the City of Indianapolis lack sufficient information or knowledge to form a belief as to the truth of the allegations in Plaintiff's Paragraph 18.

## V. Claims

19. The actions of the defendants were a violation of the Fourth Amendment to the United States Constitution, actionable pursuant to 42 U.S.C. § 1983.

**ANSWER:** Officer Perry and the City of Indianapolis lack sufficient information or knowledge to form a belief as to the truth of the allegations in Plaintiff's Paragraph 19 and, therefore, deny them.

20. The actions of the defendants and their employees constituted negligence under Indiana state law.

**ANSWER:** Officer Perry and the City of Indianapolis lack sufficient information or knowledge to form a belief as to the truth of the allegations in Plaintiff's Paragraph 19 and, therefore, deny them.

21. Plaintiff reserves the right to proceed with any and all claims which the facts averred in this Complaint support, pursuant to the notice pleading requirement of Federal Rule of Civil Procedure 8.

**ANSWER:** Plaintiff's Paragraph 21 does not require a response. To the extent that an answer is required, Officer Perry and the City of Indianapolis state that Plaintiff has claimed a right to proceed with any and all claims which the facts averred in this Complaint support, pursuant to the notice pleading requirement of Federal Rule of Civil Procedure 8. Officer Perry and the City of Indianapolis deny any allegations implied in Plaintiff's Paragraph No. 21.

### VI. Jury Trial Requested

22. Plaintiff requests a jury trial on her claims.

**ANSWER:** Officer Perry and the City of Indianapolis admit that Plaintiff has requested a jury trial.

### VIII.   Relief Requested

23.   Plaintiff seeks all relief available under the law, including compensatory damages and punitive damages, attorney fees and costs, and all other appropriate relief.

**ANSWER:** Plaintiff's Paragraph 22 does not require a response. To the extent that an answer is required, Officer Perry and the City of Indianapolis deny that Plaintiff is entitled to any relief.

### IX.   Officer Perry and the City of Indianapolis' Jury Demand

Officer Perry and the City of Indianapolis, by counsel, respectfully demand all claims be tried before a jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

### X.   Affirmative Defenses

1.   Plaintiff is not entitled to punitive damages because Officer Perry was not motivated by evil motive or intent, and he did not exhibit reckless or callous indifference to Plaintiff's federally protected rights.

2.   Officer Perry is entitled to qualified immunity.

3.   Officer Perry is immune from suit pursuant to Ind. Code § 34-13-3-5 (b) and (c).

4.   Plaintiff's state law negligence claims are barred by Plaintiff's contributory negligence.

5.   Plaintiff's recovery on state law claims is limited by Ind. Code § 34-13-3-1 *et seq*.

6. If Plaintiff has received or does receive payments from any source for the damages sought in this action, those payments constitute satisfaction and must be set-off against any recoveries Plaintiff seeks in this litigation.

7. Officer Perry and the City of Indianapolis gives notice that it reserves the right to raise any other defenses that may become available or apparent as this case proceeds.

WHEREFORE, the City of Indianapolis and Officer James Perry pray that this Court enter judgment in their favor, that Plaintiff take nothing by way of Plaintiff's Complaint, and for all other appropriate relief.

Respectfully submitted,

/s/ *Traci M. Cosby*
Traci Marie Cosby (31003-49)
Assistant Corporation Counsel
OFFICE OF CORPORATION COUNSEL
200 East Washington Street, Room 1601
Indianapolis, Indiana 46204
Telephone: (317) 327-4055
Fax: (317) 327-3968
E-Mail: Traci.Cosby@indy.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on the April 11, 2019, a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

James E. Porter, II
Abigail L. Seif
EPSTEIN COHEN SEIF & PORTER
50 South Meridian Street
Suite 505
Indianapolis, IN 46204
*Attorneys for Plaintiff*

/s/ *Traci M. Cosby*
Traci Marie Cosby (31003-49)
Assistant Corporation Counsel

OFFICE OF CORPORATION COUNSEL
200 East Washington Street, Room 1601
Indianapolis, Indiana 46204
Telephone: (317) 327-4055
Fax: (317) 327-3968
E-Mail: Traci.Cosby@indy.gov